Steven L. Opat Geary County Counselor P.O. Box 168 Junction City, Kansas 66441-0168
Dear Mr. Opat:
On behalf of the Geary County Board of County Commissioners, you request our opinion regarding the legally required procedure that a county must follow when authorizing payment of bills and claims. Specifically, you inquire as to whether K.S.A. 19-208
requires individual review of each claim or bill by a board of county commissioners and by a county counselor before approval of payment.
There is no Kansas case law concerning your questions, however two Kansas statutes address this issue. K.S.A. 19-208, which applies to all counties with more than 8,000 inhabitants, states:
 "It shall be the duty of said board of county commissioners to allow monthly, at the meetings of the board of county commissioners, as fixed in K.S.A. 19-206, any and all claims against the county, as is provided by law, including claims for salaries of all county officers."
The other statute concerning allowance of claims by certain counties is K.S.A. 19-716 which provides:
 "(a) The county attorney or assistant county attorney of each county of the state which does not have a county auditor and which has a population of less than 70,000 shall meet with the board of county commissioners of such county at each session when bills and accounts are presented for allowance, examine such bills and accounts, ascertain, as far as possible, the correctness of such accounts and give an opinion to the board of county commissioners as to the liability of the county for them. No bill shall be allowed by the board of county commissioners until the county attorney has passed upon it.
 "(b) If there is a county counselor of a county which is subject to this section, the county counselor shall perform the duties imposed on the county attorney by this section."
Your question of whether a county counselor is required to individually review each claim or bill is addressed in the duties of a county counselor under K.S.A. 19-716. It is our opinion that in order to meet the procedural requirements of K.S.A. 19-716, a county counselor must individually examine and ascertain the correctness of each bill and account presented to the county before giving an opinion to the board of county commissioners regarding liability for payment.
The next issue is whether a board of county commissioners is required to individually review each bill or claim before approval of payment. Neither K.S.A. 19-716 nor K.S.A. 19-208 expressly requires a board of county commissioners to individually review each claim or bill presented to the county for payment.
The county counselor is required to meet with the board of county commissioners "when bills and accounts are presented for allowance." K.S.A. 19-716. However, the statute does not require a county counselor to individually examine each bill and account with the board of county commissioners. Prior to amendment of K.S.A. 19-716 in 1984, the county counselor was required to:
 "[M]eet with the board of county commissioners of such county at each session when bills and accounts are presented for allowance and, examine such bills and accounts and, ascertain, as far as possible, the correctness of such accounts. . . ." See L. 1972, ch. 74, § 1. (Emphasis added.)
The 1984 amendment deleted the word "and" between the requirement to meet with the board and to examine the bills and accounts. See L. 1984, ch. 99, § 2. The deletion of the word "and" is construed to mean that examination and ascertainment of correctness are not required to be performed by the county counselor with the board of county commissioners. It is our opinion that K.S.A. 19-716 does not require the involvement of the board of county commissioners when the county counselor examines each bill and ascertains its correctness, nor does K.S.A. 19-208 require a board of county commissioners to individually review each bill or claim. The two requirements of K.S.A. 19-208 are that the commissioners allow claims monthly, and that they do so at a commission meeting. Although it is our opinion that a board of county commissioners is not statutorily required to individually review each bill or claim presented for payment to the county, our opinion in no way implies that a board of county commissioners is prevented from doing so. It is the board's discretion to determine its procedure for reviewing bills and claims presented to the county as long as such is done monthly at a commission meeting.
In summary, it is our opinion that a county counselor is required under K.S.A. 19-716 to individually examine and ascertain the correctness of each bill or claim presented to the county for payment. It is also our opinion that a board of county commissioners is not statutorily required to individually examine or review each bill or claim presented for payment to the county, but is required under K.S.A. 19-208 to allow claims on a monthly basis at a meeting of such board of commissioners.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm